UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JONI LYNN GOLDSTEIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:21-cv-00455-SEP ) |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Commissioner Kilolo Kijakazi's (Commissioner) Motion to Remand pursuant to Sentence Six of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).[1]  Doc. [13].  Plaintiff does not object to Commissioner's Motion.  *Id.* at 3.

On April 21, 2021, Plaintiff Joni Lynn Goldstein filed a complaint seeking review of a decision made by the Commissioner.  Doc. [1].  Plaintiff alleges that she filed an application for a Period of Disability, Disability Insurance Benefits on November 1, 2013, and an application for Supplemental Security Income Benefits on November 14, 2013, but both claims were denied at the initial review level.  *Id.* at 1-2.  Plaintiff requested and received a hearing regarding the denials on February 10, 2016.  *Id.* at 2.  On December 5, 2016, Plaintiff again received an unfavorable decision.  *Id.*  Plaintiff then requested a review with the Appeals Council and, on February 17, 2021, the Council declined to review the decision, stating that there was no basis for granting Plaintiff's request.  *Id.*  Plaintiff brought this action to challenge the Council's decision.  *Id.*

On October 20, 2021, before filing an answer to the Complaint, Defendant filed this Motion to Remand pursuant to Sentence Six of Section 205(g) of the Social Security Act.  Doc. [13].  Sentence Six of Section 405(g) provides, in relevant part:

---

[1] When this matter commenced on April 21, 2021, Andrew M. Saul was the Commissioner of the Social Security Administration.  On July 9, 2021, Kilolo Kijakazi was sworn in as Commissioner and was substituted as the defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

> The Court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . .

42 U.S.C. § 405(g). The Commissioner states that a remand is necessary to further administrative proceedings. Doc. [13] at 2. Specifically, Commissioner submits that there are irregularities in the hearing record that warrant a remand. The Commissioner states that those defects in the record constitute "good cause" under Sentence Six.

As Defendant points out, the legislative history of the Social Security Act shows that Congress intended that procedural defects be considered "good cause" for purposes of remand. *See* H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980); *see also Still v. Berryhill*, No. 3:17-cv-3038-MEF, 2017 U.S. Dist. LEXIS 149032, at *2 (W.D. Ark. Sept. 14, 2017) (citing H.R. Rep. No. 96-944) (finding that the joint conference committee of Congress that reported on the Act found that certain "procedural difficulties, such as an inaudible hearing tape or lost file, necessitate a request for remand by the Commissioner."). The Court agrees that the procedural defect presented here—i.e., irregularities in the hearing record—constitutes good cause under Sentence Six of 42 U.S.C. § 405(g). As such, remand to the Commissioner is appropriate. Upon receipt of the Court's order, the Appeals Council will remand the case to an Administrative Law Judge with instructions to take further action to complete the administrative record, offer Plaintiff a new hearing, and issue a new decision. Doc. [13] at 2.

Accordingly,

**IT IS HEREBY ORDERED** that Commissioner's Motion to Remand (Doc. [13]) is **GRANTED.**

**IT IS FURTHER ORDERED** that pursuant to Sentence Six of 42 U.S.C. § 405(g), this case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

Dated this 12th day of November, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE